Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff company, in conjunction with various other railroad companies, utilizes the terminal facilities of the Union Depot Co. at Kansas City, Mo. Under the com-. pany’s agreement for the transportation of mail for the defendants a regulation of the Post Office Department imposes the duty of maintaining, at the company’s expense, at all stations where transfer clerics are employed suitable rooms for handling the mails. Plaintiff company complied fully with this obligation, and no question with reference thereto arises. Prior to January 14, 1908, an innovation in the assortment, distribution, and dispatch of registered transfer *39 mail was inaugurated at Kansas City by the Post' Office Department. The work of the character mentioned was transferred from the local post office to the Union Depot, and 22 clerks were detailed from the post office to the station tó perform what is technically termed the work of a registry transfer office. Quarters were furnished by' the Union Depot Co., and rental was paid for their occupation by the Post Office Department. In fact, no question as to the liability for rental was- ever raised by the defendants until some time subsequent to the change in service, when the whole question of registry transfer service was put under the supervision of the Railway Mail Service. The department thereafter required this company to furnish free of expense to it suitable quarters for this extensive registry service, and when the plaintiff company refused and protested against the same, deducted from its Railway Mail Service pay the amount paid by the department as rental for the same. This suit is to recover said deduction.
Defendants5 contention rests exclusively upon the construction to be given to section 1186 of the Postal Laws and Regulations of 1902. We set forth in Finding III this section in full. Aside from the fact of a contrary construction having been given to the regulation by the department for many years, it is difficult to perceive how its claimed enlargement is tenable. The facts shows that the character of the service, its extent and magnitude, is quite outside the ordinary duties imposed upon the railways in the ordinary and usual Railway Transfer Service. The regulation embraces the “ handling and storing the mails,” and in departmental parlance does not include what is in effect. Railway Post Office Service. If the defendants prevail, something akin to the method of distribution employed in local post offices may be transferred therefrom and quarters required of the company to perform the exact service in-the stations used by it. The regulation was clearly intended to embrace' transfer service at those points where mails are transferred from one railway company to another, and while it is true that registered mail must also be transferred, the very character of service rendered in reference to this particular class of *40 mail, the checks and records necessary for its safe transit, seem to clearly classify the extra service as outside the regulation relating to ordinary mail transfer service. The pouches carrying this mail were opened, facilities were furnished for its redistribution and repouching, United State's postal clerks of experience were detailed to do the work, and the completed operation was quite distinct from the general service theretofore required of the company under the regulation.
Judgment is awarded plaintiff in the sum of $4,859.76. It is so ordered.
Graham, Judge, Hay, Judge, DowNey, Judge, and Campbell, Chief Justice, concur.